THE STATE ex rel. LILLIAN LEMP, Successor Trustee Under Last Will of WILLIAM J. LEMP, v. G. A. WURDEMAN, Judge of Circuit Court, and MICHAEL KINNEY, Special Commissioner to Sell Real Estate.

Division One, November 16, 1925.

1. **PARTITION: Sale: Prior Cash Deposit.** The circuit court has no jurisdiction, in its order of sale in partition, to require prospective bidders to put up a cash deposit in advance as a condition of their right to bid at such sale.

2. **PROHIBITION: Moot Question.** The writ of prohibition will be quashed where the admitted facts show that the case has become a moot one.

---

Corpus Juris-Cyc. References: Partition, 30 Cyc., p. 271, n. 37. Pleading, 31 Cyc., p. 607, n. 28. Prohibition, 32 Cyc., p. 603, n. 27.

Prohibition.

Writ quashed.

*A. E. L. Gardner* and *Edward C. Crow* for relator.

*Wolf & Wolf* and *Rassieur & Goodwin* for respondent.

PER CURIAM:—In the return filed by respondent he specifically denies that he was without the law, when he included in his second renewed order of sale a provision by which he required prospective bidders at such partition sale to put up $25,000 in cash, before they could bid at the sale. It was for this very reason that the sale advertised (under this second renewed order of sale) was stopped by this court. Yet we have the trial court affirming his right, under the law, to make such condition in a partition sale. The final motion for and in behalf of the relator is a motion for judgment upon the pleadings. Whether with or without notice of its filing, this motion admits all well-pleaded facts, but not mere conclusions of law. The allegation by respondent that he had a legal right to do what he did do in the second amended order of sale is the pleading of a legal conclusion, and hence not admitted to be true by the motion for judgment. It is a vital matter in partition sales, and should be ruled. It is true that after reiterating his power and right to include such a provision in an order of sale in partition, he goes on and says that he will not put such condition in any further order of sale, in this case, but will follow the statute. His condition in the order was without law, and it should be so announced, so that circuit courts can be guided thereby.

Our writ should be quashed for one single reason, and that is, upon the ground that the admitted facts show the case has now become a mere moot case, and what we have said, supra, saves the question here involved, from further appearance in the circuit courts, as well as in this court. All concur.